**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CURTIS DIJON FISHER,

                              Plaintiff,

                                                                    1:25-CV-831
            v.                                                      (AJB/DJS)

GLENS FALLS HOSPITAL, GLENS FALLS HOSPITAL
CEO/PRESIDENT, and GLENS FALLS POLICE
DEPARTMENT,

                              Defendants.

**APPEARANCES:**

CURTIS DIJON FISHER
Plaintiff, *Pro Se*
21085
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

**DANIEL J. STEWART**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

        The Clerk has forwarded for review what has been docketed as a civil complaint

filed by Plaintiff.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but has

submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the

Court has granted.

- 1 -

## I. FACTUAL ALLEGATIONS

The Complaint is brought pursuant to 42 U.S.C. § 1983, alleging violation of Plaintiff's constitutional rights.  Compl. at p. 3.  Specifically, Plaintiff alleges violation of his rights under the First, Fourth, Sixth, Eighth, Tenth, and Fourteenth Amendments. *Id.* at p. 6.  He also appears to be asserting a state law claim for medical malpractice.  *Id.* at p. 2.

Plaintiff alleges that in July 2023 he suffered gunshot wounds.  *Id.* at p. 6.  Instead of immediately providing medical care, the Complaint alleges that detectives with the Glens Falls Police Department improperly questioned him about the incident for hours. *Id.*  Plaintiff claims that he suffered injury at Glens Falls Hospital when his wound was merely stitched without removing bullet fragments.  *Id.* at pp. 1 & 6.  He claims he had to seek relief at another hosiptal at a later date for follow-up treatment.  *Id.* at p. 6.

## II. SUFFICIENCY OF THE COMPLAINT
### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff)

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief."  *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

**B. Analysis of the Complaint**

*1. Section 1983*

Upon review, all of Plaintiff's section 1983 claims should be dismissed.

First, claims against the Glens Falls Police Department should be dismissed. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008). As a result, claims against that entity must be dismissed.

Next, Section 1983 claims against Glens Falls Hospital and its President should be dismissed based on the lack of state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, *FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). Plaintiff has failed to make any allegations establishing that either of these Defendants are state actors.

- 5 -

"In general, a private hospital will not be considered a state actor." *Rule v. Braiman*, 2024 WL 4042135, at *13 (N.D.N.Y. Sept. 4, 2024) (internal quotation omitted). While private parties, such as the Hospital and its President generally are not state actors, their conduct can be attributed to the state for section 1983 purposes if "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009). The activities of private hospitals and their officers typically do not satisfy any of these tests. *Id.*; *Rule v. Braiman*, 2024 WL 4042135, at *13. "[P]laintiff's complaint contains no allegations that defendant Glens Falls Hospital is a state actor. Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus." *Denes v. Glens Falls Hosp.*, 2005 WL 2033489, at *2 (N.D.N.Y. Aug. 17, 2005).

Accordingly, the Court recommends that the section 1983 claims asserted here be dismissed.

*2. State Law Claims*

- 6 -

Liberally construed, the Complaint also asserts claims for medical malpractice. That claim should also be dismissed at this juncture based on a lack of subject matter jurisdiction.

"[A] medical malpractice claim is a state law claim that is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law." *Gilmore for Gilmore v. Rensselaer Cnty. Med. Exam'r*, 2022 WL 1985664, at *4 (N.D.N.Y. June 3, 2022), *report and recommendation adopted,* 2022 WL 2827514 (N.D.N.Y. July 20, 2022) (internal quotations omitted).  Thus, this Court has jurisdiction only if there is diversity of citizenship.

"Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011).  "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted).  Complete diversity is required – meaning if any Defendant is a resident of the same state as the Plaintiff, diversity jurisdiction does not exist. *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998).  The Complaint specifically alleges that both Plaintiff and Defendants are residents of New York.  Compl. at pp. 4-5.  As a result, there is also no diversity

jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### 3. Leave to Amend

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace**

**in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**</u> *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 15, 2025
      Albany, New York


_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).